IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:18-cv-24364-MGC

MARIAM GRIGORIAN, individually and on behalf of all others similarly situated,

    *Plaintiff*,

v.

FCA US, LLC, a Michigan Limited Liability Company

    *Defendant*,

_____/

CLASS ACTION

## **NOTICE OF APPEAL**

NOTICE IS HEREBY GIVEN that Plaintiff Mariam Grigorian appeals to the Eleventh Circuit Court of Appeals the Order Dismissing Case, [ECF No. 237], attached as **Exhibit A**, dismissing the case for lack of standing, denying all other pending motions as moot, and ordering the Clerk to close the case. Although the Order Dismissing the Case is labeled as being "without prejudice," it is considered an appealable final order.[1] Pursuant to Federal Rule of Appellate

---

[1] *See Ford v. Hunter*, 534 F. App'x 821, n.2 (11th Cir. 2013) ("In this case, even though the district court dismissed the complaint without prejudice, the court effectively prevented Plaintiff from amending the complaint or refiling by directing the clerk to close the case….Moreover, the court directed the clerk to dismiss the entire case, not just the complaint. Accordingly, we have appellate jurisdiction."); *Samco Glob. Arms, Inc. v. Arita*, 395 F.3d 1212, 1214 n.2 (11th Cir. 2005) ("Although the district court order dismissed the case 'without prejudice,' it is clear that the order was nevertheless 'final,' as the district court found the defendants immune from all claims . . . and closed the case without granting the plaintiff permission to amend or refile.") (citations omitted); *Gomez v. Dade Cty. Fed. Credit Union*, 610 F. App'x 859, 862-63 (11th Cir. 2015) (confirming jurisdiction over appeal where "the court dismissed plaintiff's case without prejudice [for lack of standing], but Gomez did not take the . . . opportunity to amend and refile his complaint. Instead, he appealed."); *Davis Forestry Corp. v. Smith*, 707 F.2d 1325 n.18 (11th Cir.1983) ("A dismissal without prejudice can be appealed as a final order.").

Procedure 3(c)(3), Plaintiff notes that the instant matter is a putative class action, but a class has not been certified.

Dated: December 16, 2019

Respectfully submitted,

| **NORMAND PLLC** | **HIRALDO P.A.** |
|---|---|
| */s/ Jacob Phillips* <br> Jacob L. Phillips, Esq. <br> jacob.phillips@normandpllc.com <br> Florida Bar No. 0120130 <br> Edmund A. Normand, Esq. <br> Florida Bar No. 865590 <br> ed@ednormand.com <br> Post Office Box 1400036 <br> Orlando, FL 32814-0036 <br> Tel: 407-603-6031 | Manuel S. Hiraldo, Esq. <br> Florida Bar No. 030380 <br> mhiraldo@hiraldolaw.com <br> 401 E. Las Olas Blvd., Suite 1400 <br> Ft. Lauderdale, FL 33301 <br> Tel: 954-400-4713 |

**EDELSBERG LAW, P.A.**
Scott Edelsberg, Esq.
Florida Bar No. 0100537
scott@edelsberglaw.com
2875 NE 191st St., Suite 703
Aventura, FL 33180
Tel: 305-975-3320